Okay, we'll call the next case Alyssa Moon et al. v. Breathless Inc. Mr. Obey? Yes, Your Honor. I think I can safely say good afternoon and may it please the Court. My name is Jeremy Obey. I represent the appellant, Ms. Alyssa Moon. Ms. Moon presents only one question to the Court today. Does the arbitration clause in the… Are you requesting any rebuttal time? Yes, Your Honor. Five minutes, please. That request will be granted. Ms. Moon presents just one question. Does the arbitration clause in the Breathless Rental Agreement encompass her statutory wage claims? It is undisputed that state contract law controls this question of scope. Under New Jersey's contract law, the language of an arbitration clause must clearly and unmistakably establish that it applies to statutory claims. The Breathless clause, to the contrary, applies only to a dispute between dancer and club under the rental agreement. On three occasions, New Jersey courts have held that clauses limited to disputes arising under an agreement, like the one here, do not reach statutory employment claims. Even if that clause is located in an employment contract. Do you want us to do anything other than just follow the non-presidential opinion in Herzfeld? That would be fine with me, Your Honor. And am I correct in understanding that the trial judge in this case did not have the benefit of that opinion when she ruled? That's correct, Your Honor. If Your Honor would like, I can go through the New Jersey law, which is additional reason to hold that the statutory claims are outside the scope of the arbitration clause. As stated, there are three New Jersey cases, Garfinkel, Waskevich, and Iossa. And they all have the same holding, which is, if the arbitration clause applies only to a dispute arising under the agreement, that language is insufficient to reach statutory claims. Now, Breathless does not cite any New Jersey opinions to the contrary. Instead, as the District Court did, they rely on Herzfeld. And as Your Honor indicated, that case was brought before this court, and the court reached the exact opposite conclusion, which was the statutory wage claims were outside the scope of the arbitration clause of that rental agreement, under what defendant has characterized as strikingly similar facts. I won't burden the court with going through their opinion in Herzfeld. If I have any leftover time, I would ask to reserve that for rebuttal. Thank you. Well, you simplified the argument a bit, but Mr. Gross, why don't you just tell us why Herzfeld is wrong then? I'm going to do my best. May it please the court, my name is Mark Gross. I represent Breathless. When you come into court, and there's been a change in the law, particularly on a case that you rely upon heavily in your brief, you sort of appear before this circuit a little bit out of breath. So I'm going to do my best here. Don't tell me, hence Breathless. Don't do that. I'm not going there. The claim here as defined by Ms. Moon, as whether the arbitration clause encompasses statutory wage claims, really takes this case and divides it in two. Our view is that there's a primary issue you have to get to first, and that is, does the arbitration clause, does this contract govern and determine whether Ms. Moon was an employee? The contracted issue in the Herzfeld case is different from the contracted issue here. The arbitration provision is different. Let's start with that. The arbitration provision in Herzfeld, in my view, doesn't satisfy the New Jersey Supreme Court standard in Adelaide. It's not broad and encompassing and would lead the reader down the path of arbitration because there's no mention, clear mention, of a waiver of your right to a jury trial. The contract in Herzfeld is very different from the contract in our case. In Breathless, we have a clearly defined term. The number one term here in our case is employment. If it's so different, why did the trial judge rely on the district court's opinion in Herzfeld? Well, Your Honor, we certainly Let me ask you more clearly. Did you argue that the district court's opinion in Herzfeld supported your argument here? We've argued that here to this court before the law changed. It's really a difficult position to step up here now and explain to the court why it's different. But what you do after the fact, and unfortunately I'm doing this after the fact, is now looking for why Herzfeld is distinguishable. And the two reasons that I see it are that, one, the underlying contract in Herzfeld doesn't have a term of employment, and two, the arbitration provision is different. I think what this court could do and should do here is not follow the Third Circuit's ruling in Herzfeld. For a few reasons. One, the real issue here is whether, and we take a look at the complaint, is Moon an employee? That is really the threshold issue. And I think that You make a good argument that it would be counterproductive to say the least had your client put in the word employee in the agreement. Right. But notwithstanding that argument, is it not the case that the New Jersey State Court decisions, which we have to follow whether we like them or not, are signaling pretty strongly in favor of employee rights here as opposed to employer's rights? I completely agree with that observation, except the nuance here is that these are all lad cases. We're not in a lad case. And why is that important? Because in Garfinkel and Waskovich and IOSA, there was a presumption when the court got to making the rulings that all of these plaintiffs were employees, except in IOSA where it was an interesting commercial dispute, reverse discrimination. Why should we think about it differently than that's a statutory claim, these are statutory claims? Because what the court really has to do in its very first step is focus on the factual allegations of the complaint. And when you take a look at the factual allegations of the complaint here, and there's law on this, it's the very first page of my brief summarizing the argument on the focus of determining the dispute, whether it falls within the scope of a contractual arbitration provision, the focus has to be on the factual allegations in the complaint, not the legal causes of action asserted. So the legal causes of action asserted are these statutory claims. But the factual allegations in the complaint, and it's literally throughout the complaint, I'm looking at Appendix A19, Paragraph 36. At all times material hereto, plaintiffs and members of the collective action were employees of Breathless. We can skip through the complaint to Paragraph 47. At all material times hereto, plaintiff and the members of the class were employees of Breathless and entitled to these statutory protections. We don't get to the question of examining the statutory issues until the arbitrator first makes a determination as to whether Ms. Moon was an employee. But I thought that there was a question that precedes that, and that is arbitrability. And so how does the arbitrator get it? If the agreement is silent on arbitrability, doesn't it go to the court in the first place? And it did go to the court. And what the district court ruled in examining the contracted issue was the arbitration clause was broad enough in this contractual context to take that threshold question as to whether Moon was an employee or not and tee that up for the arbitrator. Now if the arbitrator determines, and I'll go through my analysis in a second, if the arbitrator determines that Moon was an employee, are the rest of the claims arbitrable? Probably not under the case law. But if the arbitrator determines that Moon was not an employee, we don't even reach that question as to whether these statutory claims go before the arbitration panel or get resolved in court. That's the threshold question. And because the law is seemingly very strong on the issue, and we've seen it in the case law, of course that's what Ms. Moon is focusing on. Moon is focusing on skip over Part 1 and go right to Part 2 and focusing all these statutory claims have to be in court. They can't be arbitrable. So let me go through it. Help me. Yes, I want to help you. Go back to the arbitration clause. Yes, I have it in front of me. What is it about the arbitration clause that says the arbitrator decides arbitrability and not the court? Your Honor, it's correct. It doesn't say that. But this clause is broad enough in that it satisfies Adelaide's where the clauses in Garfinkel, Wasowich, and IOSA. That's what I'm not convinced about for this reason. I don't have it right in front of me now, but I think it says arising under this agreement or something like that. It does. It mentions words like that, Your Honor. So she has to arbitrate claims arising under this agreement. The claim at issue here doesn't arise out of that independent contractor agreement. It arises out of federal statutory law. It arises out of the independent contractor agreement because the very first paragraph of the agreement talks about employment. Paragraph one, unlike the agreement in Herzog. It relates to the agreement. I mean, there's clearly an intent on your client's part to render her an independent contractor. I think the other side would probably even agree with that. But what I don't see, and maybe you can show me, but what I don't see in this contract is a clear statement, and New Jersey, Adelaide, and other cases are seeming to be sticklers. The judges in New Jersey seem to be sticklers to employers that look and other contracting parties. If you are going to force people into arbitration, you better be clear and specific about what rights they must arbitrate. And this agreement doesn't show me anything about Moon being put on notice that she would have to arbitrate federal statutory rights. Well, Your Honor, that may be so, but the intent of the parties in this agreement, not just Breathless but also Moon, was to, and it's right here, it's in the writing, the intent was that in a dispute between the dancer and the club under this agreement, either may request to resolve the dispute by binding arbitration. So let's take a look at what disputes are covered under this agreement. Foremost is Paragraph 1, Employment Disputes. There's an agreement. Dancer understands and agrees that he or she is an independent contractor. That is the threshold question. That must be addressed here by way of arbitration and different than Herzog. Separately, this agreement has... Okay, let's assume, and not assume, but the agreement says she's an independent contractor. And there's a factual... It says she's an independent contractor. Is it inconceivable that she still has a statutory claim that covers the Fair Labor Standards Act, the claim that she has here, which would be separate and apart from that part of the agreement? My argument to this Court and below was that if there's a determination that Ms. Moon was not an employee, she has no claim for overtime. She has no claim for unfair wages. She has no claim, no statutory claim whatsoever. If she wants to bring a claim under, I don't know... LAT. OSHA. I don't know if it provides a private right of action. Maybe not, but assume for a minute it does. Could she bring a claim under OSHA and say that I'm working under hazardous conditions at this place? Is that claim... Does she have to arbitrate that claim or could she bring it in federal court? If it's dependent on the employment relationship, the threshold question is, is Ms. Moon an employee? Well, it's dependent upon the fact she's working at this particular club. So, I mean, she says that inside this building where I work, pursuant to this agreement that I signed, you know, it's really, really dangerous. And under OSHA, I want to bring a federal case under OSHA. I'm not seeking wages or overtime or any of that. I want the dangerous conditions ameliorated. Has that claim been... Is she unable to bring that in federal court? Well, since that sort of claim as defined by Your Honor is not dependent on the employment relationship, then I think Your Honor is right. There is no binding here. She's not bound to arbitrate that claim. The difference in the Fair Labor Standards Act... So she hasn't waived all statutory claims. That's correct. She's only waived the right to go into federal court on a statutory claim that implicates the threshold decision of whether she's an employee or an independent contractor. Exactly. That is precisely my point. So if she's allowed to bring the Fair Labor Standards Act claim that she's alluding to here, and she brings that, can't you just respond that there's an agreement that she's an independent contractor and the Fair Labor Standards Act doesn't apply? Well, Your Honor... Isn't that your answer? That is, but we want the arbitrator to determine whether Ms. Moon is an employee or not because that's what she's agreed to do. Under New Jersey law, and I cite you in a case you're familiar with, Martindale, that clause said all disputes related to the plaintiff's employment. That's much broader than what your arbitration clause talks about. It says all disputes. It says related to employment. There's no question it's employment. It's not. It's not broader because Your Honor knows you have to read the contract in its entirety to determine what the parties meant when they said in disputes between the dancer and the club, under this agreement, and under this agreement is not just term of her employment, whether she's an independent contractor or an employee. It's also under Paragraph 6. There's an entirety of the agreement paragraph here where all of the agreements and understandings between, and I'm paraphrasing, between Moon and Breathless are encapsulated in this agreement, and the parties agreed with no room to maneuver elsewhere that Ms. Moon is not an employee. She wants to dispute that and to advance these claims that she's entitled to wages, overtime, underpaid. She has to first establish that she is an employee and that she now has a dispute under this agreement. That's got to be arbitrated. This language is broad enough under Attlee's. It has a clear waiver of the right to litigate such claims in a court or to have a jury trial. It satisfies the language here in the dispute between the dancer and the club under the entirety paragraph provision, under the employment provision, and the fair result here is that when you read this contract, it's what the parties intended. We can't look for some other meaning as to what the intent perhaps was, and that language is set forth in the Garfinkel case. If you look at the intent expressed apparent in the writing, this writing, the contract, that controls. The intent expressed in this contract as set forth as the standard in Garfinkel is that if there is a dispute as to whether you're an independent contractor or an employee under paragraph one, you bring that before the arbitrator. If we lose and the arbitrator determines that we're an independent contractor, perhaps all of these statutory claims have to be filed in court. We're not there yet. I don't think you've addressed Bell, have you? Probably not. So in that case, we held that a complaint alleging rights under the Fair Labor Standards Act did not arise, quote, pursuant to the terms of a collective bargaining agreement, despite the fact that the remedy sought violated the terms of the CBA. So why shouldn't we hold here that Moon's complaint alleging rights under the same statute doesn't arise under the agreement, despite the fact that the remedy she asked for would violate that agreement? I'm not familiar with the language of the agreement in Bell, but the language here for arbitration is broad enough that it satisfies Adelaide's. It encompasses the employment relationship. There's an entirety paragraph where the parties agree that this agreement represents the entirety of their arrangement. And under those facts, you have to first address the status of the parties, particularly here, where when you look at Ms. Moon's complaint, the very first thing she says, she has to, the very first element she has to allege is that she is an employee at Breathless, and she does so arguing under the context of a statute. All right, so she's made an allegation that's contrary to a representation in the agreement she has with your client. But how does that deny that she's not seeking relief under that agreement? She's seeking relief under New Jersey state law and under the Federal Fair Labor Standards Act. Because the first thing you do when taking a look at this case is the very first thing you do is you have to focus on the factual allegations of the complaint. And our case law in the District of New Jersey and affirmed by the circuit, and it's in page three of my brief, discusses that. The very first factual allegation by Ms. Moon, and she has to prove this is true. If she's not an employee, she's not entitled to any relief under any of the three statutes that she cites in her complaint. Her very first step, her very first factual allegation is that she's an employee. If she's not, she is out of luck. If she is an employee, then we are here before this court on all of these issues. All of this, in my view, is premature. It's not right yet for the court to decide this. It's not right because we don't have an arbitrator deciding first, is she an employee or is she not an employee? We know that's the number one term here. That's absent in HERZOG. But New Jersey, you agree, New Jersey law requires a, quote, clear and unmistakable, end quote, statement in order for an arbitration clause to waive statutory rights. Look, that's the law. Okay. Right? That's the law. So the hard part is the application. Right. Adelaide's goes into greater detail as to what sort of arbitration provisions are lawful or unlawful. When you read the requirements of Adelaide's, this provision clearly signals in unambiguous and clear terms that the parties intended to waive the right to litigate such claims in court and to have a jury trial. It couldn't be clearer in bold, all caps. And I would argue to this court and think that I have in my papers and in my presentation to your honors that it's that broad provision together with the term of employment, it's teed up. The rest of this, the Fair Labor Standards Act, advancing statutory claims, not yet ripe. Thank you very much. I appreciate the time. Thank you very much, Mr. Gross and Mr. Abate. I'd like to start by addressing Breathless' analysis of Adelaide's and the issue in Adelaide's, and that was what language do you need to put a contracting party on notice that they're waiving their right to a jury trial? Breathless is correct. Their arbitration clause does put Moon on notice that she's waiving her right to a jury trial. But Adelaide's had nothing to do with what language you need to put their person on notice that they're waiving their right to a jury trial for statutory claims. There's a huge difference. One has to do with the substantive language of the waiver. The other has to do with the scope. This issue is about scope. So Breathless asserts that the threshold issue here is whether or not Ms. Moon is an employee. So your position is that the threshold issue is arbitrability because the agreement hasn't spoken specifically on that and that issue needs to be determined by a court. Yes. It's uncontested that the court, which is why we're here today, decides whether or not Ms. Moon's claims are subject to arbitration. Had there been a delegation clause in the Breathless provision, then the arbitrator would answer that question, but there is not. So when Breathless asserts that the threshold issue is whether or not Ms. Moon is an employee, that's incorrect. The threshold issue is who gets to decide whether or not Ms. Moon is an employee or an independent contractor. Every single case cited in the briefs agrees with that proposition because one of the most important principles of arbitration jurisprudence is you cannot force a party into arbitration unless they agreed to arbitrate the dispute in question. That's where you apply New Jersey law. Well, but this dispute in question goes to her wages, right? It does, Your Honor. Isn't the case all about whether she's getting paid the right amount of money? The dispute is about the fact that she wasn't paid any money. Okay. And so she should be paid money, she wasn't paid. That's the crux of your complaint. In addition, yes, Your Honor. And isn't it correct that the answer to that question, whether she should be paid money, depends on whether she's an employee or an independent contractor? That's correct, and that's a good segue into my next point, which is So she knows that that dispute needs to go to an arbitrator. She signed an agreement saying that that needs to go to an arbitrator. I respectfully disagree with that, Your Honor. The independent contractor What if she made a common law claim? Saying under the common law of New Jersey, I'm owed money. Would she have to go to arbitration on that claim? It would depend on the nature of that claim. The reason I'm owed money is I'm an employee of this club, and employees need to be paid under New Jersey law. There's no more indentured servitude. So I have a claim under New Jersey common law. Would she have to arbitrate that? I'm not familiar with any common law claims that give you that sort of right of action. So there are only statutory claims under New Jersey state law and federal law? Yes, Your Honor. All right, then the agreement's a nullity, because the agreement says she needs to go to arbitration, but you're saying she couldn't have any claims that could be arbitrable. So we've got an agreement that makes no sense. Well, I agree with that characterization that it doesn't make any sense, but the question is whether or not the scope of the arbitration clause encompasses the statutory wage claims. Well, you're telling us it doesn't encompass any claims. That's what I'm trying to get at. I'm positing a scenario where it's easier for me to agree with your position if some claims are arbitrable and others aren't. But what I hear you telling the panel is that there are no claims that she might have against this employer or this strike, that word, against this business that would be arbitrable. Let me rephrase my point. My point is if there are claims such as a breach of this contract or say Breathless was overcharging her for the stage, setting aside all these issues on this classification. Ah, that would be arbitrable. Yes. The rental agreement. You have a dispute under the rental agreement. You concede that's arbitrable. Yes, and that's clear from the New Jersey case law that some of those common law claims that are governed by the terms of a contract fall within the scope of the arbitration clause. But when you're dealing with statutory employment claims, you need something more in the arbitration clause. You need more language. And the arbitration clause here, if you look at Garfinkel, if you look at the case chart we provided, it falls short. There's no question. And if this agreement said, Moon agrees to arbitrate any claims arising under this agreement or any state or federal statutory claims she might have, you're headed to arbitration. That would be an issue of first impression, but I believe so. That would be sufficient to put her on notice that she needs to arbitrate her statutory claims. Okay. In evaluating this agreement, in trying to determine whether or not your claims have to go to arbitration, are you arguing that the agreement unambiguously excludes statutory claims? Yes, and that's the very conclusion that Judge Fuentes made. Because the arbitration clause lacks that additional language, there's no manifestation of the party's intent to arbitrate statutory claims. Likewise, because it's a rental agreement, and I'll use Judge Fuentes' words, it's a simple observation. This is a rental agreement. It doesn't encompass statutory wage claims. The independent contractor recital, paragraph one that Breathless refers to, that is irrelevant to whether or not Ms. Moon is an employee or independent contractor. And the case law for that is Rutherford v. Nunzio, and it's also cited in Judge Fuentes' opinion. Again, to reiterate, just because you label somebody an independent contractor doesn't mean they are necessarily an independent contractor. Under the economic realities test, under the ABC test in New Jersey, it is not even a factor. Therefore, it has nothing to do with her statutory wage claims. That was the conclusion Judge Fuentes drew. Okay. Do you have anything else? No, Your Honor. All right. Thank you. Mr. Abbey, thank you very much. We thank both counsel for excellent arguments. We'll take the matter under advice. Thank you so much.